UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION
CASE NO.:

DESIREE OLKER,
and other similarly situated individuals,

       Plaintiff (s),

v.

EDWARD ZENGEL & SON EXPRESS, INC.

       Defendant,

_____/


## COMPLAINT
(OPT-IN PURSUANT TO 29 U.S.C § 216(b))

COMES NOW the Plaintiff DESIREE OLKER by and through the undersigned counsel, on behalf of herself and other similarly situated individuals, hereby sues Defendant EDWARD ZENGEL & SON EXPRESS, INC., and alleges:

### JURISDICTION VENUES AND PARTIES

1. This is an action to recover money damages for unpaid regular and overtime wages, and for retaliation under the laws of the United States. This Court has jurisdiction pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201-219 (Section 216 for jurisdictional placement) (the FLSA or "the Act").

2. This Court also has jurisdiction over Plaintiff's claims under the FLSA pursuant to 29 U.S.C. §216 (b).

3. At all times material hereto Plaintiff DESIREE OLKER was a resident of Orange County, Florida, within the jurisdiction of this Honorable Court. The Plaintiff is a covered employee for purposes of the Act.

4. Defendant EDWARD ZENGEL & SON EXPRESS, INC. hereinafter EDWARD ZENGEL EXPRESS, or Defendant) is a Florida Profit Corporation, having its main place of business in Orange County, Florida, within the jurisdiction of this Honorable Court. The Defendant was the employer of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)]. The Defendant's headquarters is located at 4180 Canal Street, Fort Myers, FL 33916. The Defendant was and is engaged in interstate commerce within the meaning of the FLSA.

5. All the actions raised in this complaint took place within the jurisdiction of this Court.

ALLEGATIONS COMMON TO ALL COUNTS

6. This cause of action is brought by Plaintiff as a collective action to recover from Defendant regular hours, overtime compensation, retaliatory damages, liquidated damages, and the costs and reasonable attorney's fees under the provisions of Fair Labor Standards Act, as amended, 29 U.S.C. § 201 *et seq* (the "FLA or the "ACT"), and on behalf of Plaintiff and all other current and former employees similarly situated to Plaintiff ("the asserted class") who worked during one or more weeks on or after February 13, 2017, (the "material time") without being properly compensated for regular hours, and for overtime hours at the rate of time-and-a-half their regular rate, for all hours worked in excess of forty (40) hours per week, at any time from three years prior to the filing of this complaint and until a judgment is entered in this case.

7. Defendant EDWARD ZENGEL EXPRESS is a private motor carrier, providing transportation of regular mail, express mail, and packages, to the United States Postal Service. The Defendant is a contractor for the U.S. Postal Service (USPS), and in addition to the Service Contract Act of 1965, Defendant is subjected to the Fair Labor Standards Act (29 U.S.C. 201-219), including its pertaining regulations.

8. Defendant EDWARD ZENGEL EXPRESS employed Plaintiff DESIREE OLKER from approximately November 01, 2014, to September 11, 2019, or more than 4 years. However, for FLSA purposes the relevant employment period is 134 weeks, (from February 13, 2017, to his last day of employment on or about September 11, 2019).

9. The Plaintiff was a full time non-exempted hourly employee, working 6 days per week more than 40 hours every week. During the relevant period of employment, the Plaintiff's wage-rate was $17.30 and $11.44 an hour.

10. The Plaintiff was employed as a "local express mail delivery driver", and she performed her duties on motor vehicles weighing 10,000 pounds or less.

11. Consequently, the Plaintiff was covered under the Small Vehicle Exemption of the Motor Carrier Act, and she was entitled to be paid for overtime hours as established by the Fair Labor Standards Act.

12. While employed by the Defendant, the Plaintiff worked 6 days per week, more than 40 hours per week without proper compensation. The Plaintiff performed the same or similar duties as that of those other similarly situated "local drivers" who Plaintiff observed worked in excess of 40 hours per week without overtime compensation.

13. The Plaintiff's main duty consisted of the distribution of USPS express-mail and packages. The Plaintiff had a designated route delivering express mail and packages to several post office facilities located in Palm Bay City, Brevard County.

14. The Plaintiff worked 6 days per week an irregular schedule. On Mondays, the Plaintiff worked from around 2:30 PM to 7:50 PM (5 hours, plus 20 minutes). From Tuesdays to Fridays, Plaintiff began her daily route, approximately at 8:20 AM. The Plaintiff picked up her cargo from two different USPS processing and distribution centers located in the Orlando area, and then she transported and delivered the items to the designated post office facilities in Palm Bay City. The Plaintiff completed her deliveries around 11:30 AM.

15. The Defendant ordered Plaintiff to stay in the area of Palm Bay City and waiting until 5:00 PM to pick up mail and cargo from all the USPS post offices in her route and took them to the Processing and distribution center in the Orlando area to be properly shipped. The Plaintiff completed her shift approximately at 7:50 PM when she arrived at EDWARD ZENGEL EXPRESS' yard in Orlando.

16. On Mondays Plaintiff worked 5.20 hours; from Tuesdays to Fridays (4 days) Plaintiff worked an average of 11.5 hours daily, and on Saturdays, Plaintiff worked 4 hours plus 40 minutes. The Plaintiff completed an average of 56.40 working hours weekly.

17. The Plaintiff worked in excess of 40 hours per week, but she was not properly compensated for all her working hours. The Plaintiff was not paid for all her regular hours, and she was not paid for overtime hours.

18. Specifically, the Plaintiff alleges that she was not paid for waiting time and regular hours as follows:

A.-<u>Waiting Time</u>,

The Plaintiff was engaged to wait for 6 hours. Waiting was an essential part of her job. Every day she had a waiting period of 6 hours that constitute compensable working hours. These daily 6 working compensable hours, were not paid to Plaintiff at any rate, not even at the minimum wage rate, as established by the FLSA.

From Tuesday to Friday Plaintiff traveled from Orlando to Palm Bay City as part of her regular and principal activity, she spent between 1:15 and 1:30 minutes driving. After Plaintiff finished her deliveries approximately at 11:30 AM, the Plaintiff was required to stay in Palm Bay City until 5:00 PM with the purpose of picking up USPS mail and cargo. The Plaintiff was not allowed by the Defendant to return to Orlando to avoid double car expenses. The Plaintiff was unable to use the time effectively for her own purposes because she had time constraints and she was in possession and remained in custody of the Company cargo van. However, every week Plaintiff was paid for less than 40 regular hours. A portion of this "waiting time" constitute unpaid regular hours, and the remaining hours, constitute unpaid overtime hours.

B.- <u>Missing Regular Hours</u>

During the relevant time of employment, the Plaintiff was not paid for all her working regular hours. The Plaintiff was paid according to a pre-set schedule regardless of the real number of hours worked.

19. The Plaintiff did not clock-in and out, but she wrote down part of her working hours. The Defendant was able to track the number of hours worked by Plaintiff and other similarly situated individuals. The Defendant should be in possession of time records.

20. Therefore, Defendant willfully failed to pay Plaintiff overtime at the rate of time and a half his regular rate, for every hour that he worked in excess of forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1).

21. The Plaintiff was paid bi-weekly with paystubs that did not provide basic information about job classification, the number of days and hours worked, wage rate paid etc., etc.

22. The Plaintiff was in complete disagreement with the number of regular hours paid to her and she complained multiple times with her supervisor Jose D. Pineiro, but this supervisor never provided Plaintiff with a satisfactory answer or explanation.

23. On or about August 2019, looking for an increase in her wages, the Plaintiff requested to work on a part-time basis for EDWARD ZENGEL EXPRESS, and the Defendant accepted Plaintiff's petition. Soon, the Plaintiff got a part-time job with another company to supplement her income.

24. Around the same time, it was also known that Plaintiff had participated in an investigation of the Department of Labor about unpaid wages at EDWARD ZENGEL EXPRESS.

25. On or about September 11, 2019, the Plaintiff was terminated by Defendant using pretextual reasons. Plaintiff was accused by his supervisor Jose D. Pineiro, of

leaving her job voluntarily. The Plaintiff protested and talked to Human Resources and let them know that she did not resign and that she was fired.

26. Plaintiff is not in possession of time and payment records, but she will provide a good faith estimate of the unpaid regular and overtime hours, based on a workweek of 56.40 working hours, with an average of 25.15 regular hours paid; 14.85 regular hours unpaid, and 16.40 overtime hours unpaid. After proper discovery, the Plaintiff will amend her Statement of Claim.

27. Plaintiff DESIREE OLKER intends to recover any unpaid regular hour, overtime hour, retaliatory damages, liquidated damages, and any other relief as allowable by law.

28. The additional persons who may become Plaintiffs in this action are employees and/or former employees of Defendant who are and who were subject to the unlawful payroll practices and procedures of Defendant and were not paid regular or overtime wages at the rate of time and one half of their regular rate of pay for all overtime hours worked in excess of forty.

## COUNT I:
## WAGE AND HOUR FEDERAL STATUTORY VIOLATION of 29 U.S.C. § 207 (a) (1) FAILURE TO PAY OVERTIME

29. Plaintiff DESIREE OLKER re-adopts each and every factual allegation as stated in paragraph 1-28 above as if set out in full herein.

30. This action is brought by Plaintiff and those similarly-situated to recover from the Employers unpaid overtime compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 et seq., and specifically under the provisions of 29 U.S.C. § 207.

29 U.S.C. § 207 (a)(1) states, "No employer shall employ any of his employees…
for a workweek longer than 40 hours unless such employee receives compensation
for his employment in excess of the hours above specified at a rate not less than
one and a half times the regular rate at which he is employed."

31. The Employer EDWARD ZENGEL EXPRESS was engaged in interstate
commerce within the meaning of the FLSA, and as defined in §§ 3 (r) and 3(s) of
the Act, 29 U.S.C. § 203(r) and 203(s). The Defendant is a transportation company,
and through its business activity, participate in interstate commerce. The Defendant
had more than two employees recurrently engaged in commerce or in the
production of goods or services for commerce. The Employer/Defendant obtains
and solicits funds from non-Florida sources, accepts funds from non-Florida
sources, uses telephonic transmissions going over state lines to do its business,
transmits funds outside the State of Florida, and otherwise regularly engages in
interstate commerce, particularly with respect to their employees. Upon
information and belief, the annual gross revenue of the Employer/Defendant was
always material hereto in excess of $500,000 per annum, and/or Plaintiff and those
similarly situated, by virtue of working in interstate commerce, otherwise satisfy
the Act's requirements. Therefore, there is FLSA enterprise coverage.

32. The Plaintiff was employed by an enterprise engaged in interstate commerce. The
Plaintiff's work for the Defendant likewise affects interstate commerce. Plaintiff
was a local driver and through his daily activities he regularly, handled or otherwise
worked on goods and/or materials that have been moved across State lines at any
time in the course of business. Therefore, there is FLSA individual coverage.

33. Defendant EDWARD ZENGEL EXPRESS is a private motor carrier, providing transportation of regular mail, express mail, and packages, to the United States Postal Service. The Defendant is a contractor for the U.S. Postal Service (USPS), and in addition to the Service Contract Act of 1965, the Defendant is subjected to the Fair Labor Standards Act (29 U.S.C. 201-219), including its pertaining regulations.

34. Defendant EDWARD ZENGEL EXPRESS employed Plaintiff DESIREE OLKER from approximately November 01, 2014, to September 11, 2019, or more than 4 years. However, for FLSA purposes the relevant employment period is 134 weeks, (from February 13, 2017, to his last day of employment on or about September 11, 2019).

35. The Plaintiff was a full time non-exempted hourly employee, working 6 days per week more than 40 hours every week. The Plaintiff's wage-rate was $17.30 and $11.44 an hour.

36. The Plaintiff was employed as a "local express mail delivery driver", and she performed her duties on motor vehicles weighing 10,000 pounds or less.

37. Consequently, the Plaintiff was covered under the Small Vehicle Exemption of the Motor Carrier Act, and she was entitled to be paid for overtime hours as established by the Fair Labor Standards Act.

38. While employed by the Defendant, the Plaintiff worked 6 days per week, more than 40 hours per week without proper compensation. The Plaintiff performed the same or similar duties as that of those other similarly situated "local drivers" who

Plaintiff observed worked in excess of 40 hours per week without overtime compensation.

39. The Plaintiff worked 6 days per week an irregular schedule. On Mondays Plaintiff worked 5.20 hours; from Tuesdays to Fridays (4 days) Plaintiff worked an average of 11.5 hours daily, and on Saturdays, Plaintiff worked 4 hours plus 40 minutes. The Plaintiff completed an average of 56.40 working hours weekly.

40. The Plaintiff worked in excess of 40 hours per week, but she was not properly compensated. The Plaintiff was not paid for all her overtime hours.

41. The Plaintiff did not clock-in and out, but she wrote down part of her working hours. The Defendant was able to track the number of hours worked by Plaintiff and other similarly situated individuals. The Defendant should be in possession of time records.

42. Therefore, Defendant willfully failed to pay Plaintiff overtime at the rate of time and a half his regular rate, for every hour that he worked in excess of forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1).

43. The Plaintiff was paid bi-weekly with paystubs that did not provide basic information about job classification, the number of days and hours worked, wage rate paid etc., etc.

44. The records concerning the number of hours worked by Plaintiff DESIREE OLKER, and all others similarly situated employees, and the compensation actually paid to such employees should be in the possession and custody of the

Defendant. However, upon information and belief, Defendant did not maintain accurate time records of hours worked by Plaintiff and other employees.

45. The Defendant violated the record-keeping requirements of FLSA, 29 CFR Part 516.

46. Prior to the completion of discovery and to the best of Plaintiff's knowledge, at the time of the filing of this complaint, the Plaintiff's good faith estimate of unpaid wages are as follows:

* Please note that these amounts are based on a preliminary calculation and that these figures are subjected to modifications as discovery could dictate. After proper discovery, the Plaintiff will adjust his calculations.
* The total relevant time is 134 weeks. We have deducted 8 weeks in which Plaintiff did not work O/T hours.

    a. <u>Total amount of alleged unpaid wages</u>:

Fifty Thousand Seven Hundred Forty Dollars and 08/100 ($50,740.08)

<u>Calculation of such wages</u>:
Total relevant weeks of employment: 126 weeks
Total Overtime hours: 16.40 O/T hours weekly

**1.- Overtime for 106 weeks paid at $17.30 an hour**

Regular rate: $17.30 an hour x 1.5=$25.95 O/T rate
O/T rate: $25.95 an hour

O/T rate $25.95 x 16.40 O/T hours=$425.58 x 106 weeks=$45,111.48

**2.- Overtime for 20 weeks paid at $11.44 an hour**

Regular rate: $11.44 an hour x 1.5=$17.16 O/T rate
O/T rate: $17.16 an hour

O/T rate $17.16 x 16.40 O/T hours=$281.43 x 20 weeks=$5,628.60

Total 1 and 2: $50,740.08

    b. <u>Nature of wages (e.g. overtime or straight time)</u>:

This amount represents the unpaid overtime for the relevant period

47. At all times material hereto, the Employer/Defendant EDWARD ZENGEL EXPRESS failed to comply with Title 29 U.S.C. §§ 201-219 and 29 C.F.R. § 516.2 and § 516.4 et seq. in that Plaintiff and those similarly-situated performed services and worked in excess of the maximum hours provided by the Act but no provision was made by the Defendant to properly pay them at the rate of time and one half for all hours worked in excess of forty hours (40) per workweek as provided in said Act. The additional persons who may become Plaintiffs in this action are weekly-paid employees and/or former employees of Defendant who are and who were subject to the unlawful payroll practices and procedures of Defendant and were not paid time and one half of their regular rate of pay for all overtime hours and straight time hours worked in excess of forty.

48. Defendant EDWARD ZENGEL EXPRESS knew and/or showed reckless disregard of the provisions of the Act concerning the payment of overtime wages as required by the Fair Labor Standards Act and remains owing Plaintiff and those similarly-situated these overtime wages since the commencement of Plaintiff's and those similarly-situated employee's employment with Defendant as set forth above, and Plaintiff and those similarly-situated are entitled to recover double damages.

49. Defendant EDWARD ZENGEL EXPRESS willfully and intentionally refused to pay Plaintiff overtime wages as required by the law of the United States and remains owing Plaintiff these overtime wages since the commencement of Plaintiff's employment with Defendant, as set forth above.

50. The Plaintiff has retained the law offices of the undersigned attorney to represent her in this action and is obligated to pay a reasonable attorneys' fee.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff DESIREE OLKER and those similarly situated individuals respectfully request that this Honorable Court:

A. Enter judgment for Plaintiff DESIREE OLKER and other similarly situated and against the Defendant EDWARD ZENGEL EXPRESS, based on the Defendant's willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq.; and

B. Award Plaintiff actual damages in the amount shown to be due for unpaid half-time overtime compensation for hours worked in excess of forty weekly, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff reasonable attorneys' fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

## JURY DEMAND

Plaintiff DESIREE OLKER and those similarly situated demand trial by a jury of all issues

## COUNT II:
## F.L.S.A. WAGE AND HOUR FEDERAL STATUTORY VIOLATION:
## FAILURE TO PAY MINIMUM WAGE

51. Plaintiff DESIREE OLKER re-adopts every factual allegation as stated in paragraphs 1-28 of this complaint as if set out in full herein.

52. This action is brought by Plaintiff DESIREE OLKER and those similarly-situated to recover from the Employer EDWARD ZENGEL EXPRESS unpaid minimum wages, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 et seq., and specifically under the provisions of 29 U.S.C. §206.

53. The Employer EDWARD ZENGEL EXPRESS was engaged in interstate commerce within the meaning of the FLSA, and as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s). The Defendant is a transportation company, and through its business activity, participate in interstate commerce. The Defendant had more than two employees recurrently engaged in commerce or in the production of goods or services for commerce. The Employer/Defendant obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses telephonic transmissions going over state lines to do its business, transmits funds outside the State of Florida, and otherwise regularly engages in interstate commerce, particularly with respect to their employees. Upon information and belief, the annual gross revenue of the Employer/Defendant was always material hereto in excess of $500,000 per annum, and/or Plaintiff and those similarly situated, by virtue of working in interstate commerce, otherwise satisfy the Act's requirements. Therefore, there is FLSA enterprise coverage.

54. The Plaintiff was employed by an enterprise engaged in interstate commerce. The Plaintiff's work for the Defendant likewise affects interstate commerce. Plaintiff was a local driver and through his daily activities she regularly, handled or otherwise worked on goods and/or materials that have been moved across State

lines at any time in the course of business. Therefore, there is FLSA individual coverage.

55. By reason of the foregoing, Defendant's business activities involve those to which the Fair Labor Standards Act applies.

56. U.S.C. §206 states "Every employer shall pay to each of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, wages at the following rates:

 (1) except as otherwise provided in this section, not less than—

      (A) $5.85 an hour, beginning on the 60th day after May 25, 2008;

      (B) $6.55 an hour, beginning 12 months after that 60th day; and

      (C) $7.25 an hour, beginning 24 months after that 60th day

57. Defendant EDWARD ZENGEL EXPRESS is a private motor carrier, providing transportation of regular mail, express mail, and packages, to the United States Postal Service. The Defendant is a contractor for the U.S. Postal Service (USPS), and in addition to the Service Contract Act of 1965, the Defendant is subjected to the Fair Labor Standards Act (29 U.S.C. 201-219), including its pertaining regulations.

58. Defendant EDWARD ZENGEL EXPRESS employed Plaintiff DESIREE OLKER from approximately November 01, 2014, to September 11, 2019, or more than 4 years. However, for FLSA purposes the relevant employment period is 134 weeks, (from February 13, 2017, to his last day of employment on or about September 11, 2019).

59. The Plaintiff was employed as a "local express mail delivery driver", and she performed her duties on motor vehicles weighing 10,000 pounds or less.

60. Consequently, the Plaintiff was covered under the Small Vehicle Exemption of the Motor Carrier Act, and she was entitled to be paid for every working hour as established by the Fair Labor Standards Act.

61. The Plaintiff was a full time non-exempted hourly employee, working 6 days per week more than 40 hours every week. The Plaintiff's wage-rate was $17.30 and $11.44 an hour since March 2019.

62. While employed by the Defendant, the Plaintiff worked 6 days per week an irregular schedule. On Mondays Plaintiff worked 5.20 hours; from Tuesdays to Fridays (4 days) Plaintiff worked an average of 11.5 hours daily, and on Saturdays Plaintiff worked 4 hours plus 40 minutes. The Plaintiff completed an average of 56.40 working hours weekly.

63. The Plaintiff worked in excess of 40 hours per week, but she was not properly compensated for all her hours worked. The Plaintiff was paid an average of 25.15 regular hours per week. The Defendant paid Plaintiff and other similarly situated individuals, hours according to a preset schedule, regardless the real number of hours worked.

64. During the relevant employment period, the Plaintiff worked at least 14.85 hours per week, without being paid at least minimum wages as established by the Fair Labor Standards Act.

65. The Plaintiff did not clock-in and out, but she wrote down part of her working hours, and the Defendant was able to track the number of hours worked by Plaintiff and other similarly situated individuals.

66. Therefore, Defendant failed to pay Plaintiff minimum wages, in violation of the Fair Labor Standards Act of 1938 (29 U.S.C. §206 (a)).

67. The records, if any, concerning the number of hours worked by Plaintiff and all others similarly situated employees, and the compensation actually paid to such employees should be in the possession and custody of the Defendant.  However, upon information and belief, the Defendant did not maintain accurate and complete time records of hours worked by Plaintiff and other employees in the asserted class.

68. The Defendant violated the record-keeping requirements of FLSA, 29 CFR Part 516.

69. The Defendant never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their federal rights to overtime and minimum wage payments. The Defendant violated the Posting requirements of 29 U.S.C. § 516.4.

70. Prior to the completion of discovery, and to the best of Plaintiff's knowledge, at the time of the filing of this complaint, the Plaintiff's good faith estimate of unpaid wages are as follows:

*Please note that these amounts are based on a preliminary calculation and that these figures could be subject to modification as discovery could dictate.
* The total relevant time is 134 weeks. We have deducted 8 weeks in which Plaintiff worked on a part-time basis.
*Florida minimum wage 2019 is $8.46 which is higher than Federal minimum wage, as per FLSA regulations the higher minimum wage rate applies.

    a.  <u>Total amount of alleged unpaid wages:</u>

Fifteen Thousand Eight Hundred Thirty Dollars and 64/100 ($15,830.64)

  b.  <u>Calculation of such wages</u>:

  Total relevant weeks of employment: 126 weeks
  Total number of unpaid hours: 14.85 regular hours weekly
  Florida minimum wage 2019: $8.46

  FL Min. wage $8.46 x 14.85 hrs.=$125.64 weekly x 126 weeks=$15,830.64

  c.  <u>Nature of wages</u>:

  This amount represents unpaid minimum wages at Florida Min. wage rate

71. Defendant EDWARD ZENGEL EXPRESS unlawfully failed to pay Plaintiff minimum wages. The Plaintiff seeks to recover for minimum wage violations accumulated during the relevant employment period.

72. Defendant EDWARD ZENGEL EXPRESS knew and/or showed reckless disregard of the provisions of the Act concerning the payment of minimum wages as required by the Fair Labor Standards Act and remains owing Plaintiff and those similarly-situated these minimum wages since the commencement of Plaintiff and those similarly-situated employees' employment with Defendant as set forth above, and Plaintiff and those similarly-situated are entitled to recover double damages.

73. Defendant EDWARD ZENGEL EXPRESS willfully and intentionally refused to pay Plaintiff minimum wages as required by the law of the United States and remains owing Plaintiff these minimum wages since the commencement of the Plaintiff's employment with Defendant.

74. The Plaintiff has retained the law offices of the undersigned attorney to represent her in this action and is obligated to pay a reasonable attorneys' fee.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff DESIREE OLKER and those similarly situated respectfully request that this Honorable Court:

A. Enter judgment for Plaintiff DESIREE OLKER and against the Defendant EDWARD ZENGEL EXPRESS based on the Defendant's willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. and other Federal Regulations; and

B. Award Plaintiff actual damages in the amount shown to be due for unpaid minimum wages, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff reasonable attorney's fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

## JURY DEMAND

Plaintiff DESIREE OLKER and those similarly situated demand trial by a jury of all issues triable as of right by a jury.

## COUNT III:
## FEDERAL STATUTORY VIOLATION PURSUANT TO 29 U.S.C. 215 (a)(3)
## RETALIATORY DISCHARGE

75. Plaintiff DESIREE OLKER re-adopts every factual allegation as stated in paragraphs 1-28 of this complaint as if set out in full herein.

76. Defendant EDWARD ZENGEL EXPRESS was and is engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s)(1)(A). The Defendant provides pick-up, deliveries, courier services and

participated in interstate commerce by transporting all kinds of goods and valuables. Defendant recurrently received on its premises all kinds of merchandise ordered and purchased from out of state manufacturers. The Defendant's activities were essential to interstate commerce. Defendant has more than two employees recurrently engaged in commerce or in the production of goods for commerce by regularly and recurrently using the instrumentalities of interstate commerce to accept and solicit funds from non-Florida sources, by using electronic devices to authorize credit card transactions. Upon information and belief, the annual gross revenue of the Employer/Defendant was in excess of $500,000 per annum. Therefore, there is FLSA enterprise coverage.

77. Plaintiff and those similarly situated were employed by an enterprise engaged in interstate commerce. Plaintiff and those similarly situated through their daily activities were regularly engaged in interstate commerce. The Plaintiff's activities as an express mail driver were related and essential to interstate commerce. Therefore, there is FLSA individual coverage.

78. By reason of the foregoing, Defendant's business activities involve those to which the Fair Labor Standards Act applies.

79. 29 U.S.C. § 206 (a) (1) states "….an employer must pay a minimum wage of $5.15/hr. to an employee who is engaged in commerce...." [29 U.S.C. § 206 (a) (1)].

80. 29 U.S.C. § 207 (a) (1) states, "if an employer employs an employee for more than forty hours in any workweek, the employer must compensate the employee for

hours in excess of forty at the rate of at least one and one-half times the employee's regular rate…"

81. Likewise, 29 U.S.C. 215(a)(3) states... it shall be unlawful for any person— "to discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this chapter, or has testified or is about to testify in any such proceeding,......"

82. Defendant EDWARD ZENGEL EXPRESS employed Plaintiff DESIREE OLKER from approximately November 01, 2014, to September 11, 2019, or more than 4 years. However, for FLSA purposes the relevant employment period is 134 weeks, (from February 13, 2017, to his last day of employment on or about September 11, 2019).

83. The Plaintiff was a full time non-exempted hourly employee, working 6 days per week more than 40 hours every week. During the relevant period of employment, the Plaintiff's last wage-rate was $17.30 and $11.44 an hour.

84. The Plaintiff was employed as a "local express mail delivery driver", and she performed her duties on motor vehicles weighing 10,000 pounds or less.

85. Consequently, the Plaintiff was covered under the Small Vehicle Exemption of the Motor Carrier Act, and she was entitled to be paid for overtime hours as established by the Fair Labor Standards Act.

86. The Plaintiff worked 6 days per week an irregular schedule. On Mondays, the Plaintiff worked from around 2:30 PM to 7:50 PM (5 hours, plus 20 minutes). From Tuesdays to Fridays, Plaintiff began her daily route, approximately at 8:20 AM.

The Plaintiff picked up her cargo from two different USPS processing and distribution centers located in the Orlando area, and then she transported and delivered the items to the designated post office facilities in Palm Bay City. The Plaintiff completed her deliveries around 11:30 AM.

87. The Defendant ordered Plaintiff to stay in the area of Palm Bay City and waiting until 5:00 PM to pick up mail and cargo from all the USPS post offices in her route and took them to the Processing and distribution center in the Orlando area to be properly shipped. The Plaintiff completed her shift approximately at 7:50 PM when she arrived at EDWARD ZENGEL EXPRESS' yard in Orlando.

88. Thus, on Mondays Plaintiff worked 5.20 hours; from Tuesdays to Fridays (4 days) Plaintiff worked an average of 11.5 hours daily, and on Saturdays Plaintiff worked 4 hours plus 40 minutes. The Plaintiff completed an average of 56.40 working hours weekly.

89. However, Plaintiff was paid for an average of 25.15 regular hours per week, because Defendant had the practice of paying working hours according to a pre-fixed schedule, regardless of the real number of hours worked. Consequently, there was a substantial number of regular hours that were not paid to her, at any rate, not even at the minimum wage rate, as established by the Fair Labor Standards Act.

90. In addition, Plaintiff was not paid for overtime hours at the rate of one time and a half her regular rate, as required by the FLSA.

91. The Plaintiff did not clock-in and out, but she wrote down part of her working hours. The Defendant was able to track the number of hours worked by Plaintiff and other similarly situated individuals.

92. Therefore, Defendant willfully failed to pay Plaintiff regular hours and overtime hours at the rate of time and a half her regular rate, for every hour that she worked in excess of forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1).

93. The Plaintiff was paid bi-weekly with paystubs that did not provide basic information about job classification, the number of days and hours worked, wage rate paid etc., etc.

94. The Plaintiff was in complete disagreement with the number of regular hours paid to her and she complained multiple times with her supervisor Jose D. Pineiro, but this supervisor never provided Plaintiff with a satisfactory answer or explanation.

95. On or about May 2019, the Plaintiff also participated in an investigation opened by the Department of Labor about unpaid wages at EDWARD ZENGEL EXPRESS.

96. These complaints constituted protected activity under FLSA, 29 U.S.C. 215(a)(3).

97. On or about August 2019, looking for supplementing her wages, the Plaintiff requested to work on a part-time basis for EDWARD ZENGEL EXPRESS, and the Defendant accepted the Plaintiff's petition. Soon, the Plaintiff got a second part-time job with another company.

98. Around the same time, August 2019, the investigation of the Department of Labor finished, and Plaintiff was told by a Human Resources representative that Defendant knew that Plaintiff had participated in the investigation of the Department of Labor.

99. Unexpectedly for Plaintiff, on or about September 11, 2019, she was terminated by Defendant. Plaintiff was falsely accused by his supervisor Jose D. Pineiro, of

leaving her job voluntarily. The Plaintiff protested and talked to Human Resources and let them know that she did not resign and that she was fired by supervisor Jose D. Pineiro.

100.    At all times during her employment, Plaintiff performed her work satisfactorily. There was no reason other than a retaliatory action to terminate Plaintiff's employment with Defendant.

101.    The termination of Plaintiff DESIREE OLKER by the Defendant was directly and proximately caused by Defendant's unjustified retaliation against her, because of her multiple complaints about missing payment for regular hours, waiting time, and overtime hours, in violation of Federal Law.

102.    The Plaintiff's termination came just in closed proximity after the Plaintiff's participation in protected activity was known.

103.    Defendant EDWARD ZENGEL EXPRESS willfully and maliciously retaliated against Plaintiff because she engaged in protected activity.

104.    The Defendant's termination of Plaintiff 's employment was in direct violation of 29 U.S.C. 215 (a) (3) and, as a direct result, the Plaintiff has been damaged.

105.    The Plaintiff has retained the law offices of the undersigned attorney to represent her in this action and is obligated to pay a reasonable attorneys' fee.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff DESIREE OLKER respectfully requests that this Honorable Court:

A. Issue a declaratory judgment that the Defendant's acts, policies, practices, and procedures complained of herein violated provisions of the Fair Labor Standards Act;

B. Enter judgment against Defendant EDWARD ZENGEL EXPRESS that Plaintiff recovers compensatory damages and an equal amount of liquidated damages as provided under the law and in 29 U.S.C. § 216(b);

C. That Plaintiff recovers an award of reasonable attorney fees, costs, and expenses.

D. Order the Defendant EDWARD ZENGEL EXPRESS to make whole the Plaintiff by providing appropriate back pay and other benefits wrongly denied in an amount to be shown at trial and other affirmative relief;

E. Plaintiff DESIREE OLKER further prays for such additional relief as the interests of justice may require.

JURY DEMAND

Plaintiff DESIREE OLKER demands trial by a jury of all issues triable as of right by a jury.

Dated: This 28th day of February 2020.

Respectfully submitted,

By: **/s/ Zandro E. Palma**
ZANDRO E. PALMA, P.A.
Florida Bar No.: 0024031
9100 S. Dadeland Blvd.
Suite 1500
Miami, FL 33156
Telephone: (305) 446-1500
Facsimile: (305) 446-1502
zep@thepalmalawgroup.com
*Attorney for Plaintiff*